UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 12 P 2: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE Coon

04 - 12145 PBS

ACUSHNET COMPANY,

    Plaintiff

v.

HIGHLANDER LOGOED PRODUCTS
CORPORATION, HIGHLANDER PROPERTIES
LIMITED, THOMAS E. DEIGHAN,
and TIMOTHY E. DEIGHAN,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

JURY TRIAL DEMANDED

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK ___ DM
DATE 10|12|04

## COMPLAINT

Plaintiff Acushnet Company ("Acushnet"), for its complaint against defendants

Highlander Logoed Products Corporation, Highlander Properties Limited, Thomas E. Deighan

and Timothy E. Deighan, hereby demands a jury trial and alleges as follows:

### THE PARTIES

1.    Acushnet Company is a corporation organized under the laws of the State of

Delaware, with its principal place of business in Fairhaven, Massachusetts.

2.    Highlander Logoed Products ("Highlander") is a corporation organized under the

laws of the State of Ohio, with its principal place of business in Ravenna, Ohio.

3.    Highlander Properties Limited ("HPL") is a limited liability company organized

under the laws of the State of Ohio, with its principal place of business in Ravenna, Ohio.

4.    Thomas E. Deighan ("Tom Deighan") is an individual who resides in the State of

Ohio.

5.    Timothy E. Deighan ("Tim Deighan") is an individual who resides in the State of Ohio.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

7.    This Court has personal jurisdiction over the defendant Highlander pursuant to Massachusetts General Laws chapter 223A, § 3 (the Massachusetts Long-Arm Statute). In particular, among other things, defendant Highlander contracted to do business in the Commonwealth. This Court has personal jurisdiction over the remaining defendants pursuant to the a forum selection clause contained in the guarantees signed by the defendants HPL, Thomas Deighan, and Timothy Deighan as sureties for the performance of defendant Highlander.

8.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 in that a substantial part of the events or omissions giving rise to Acushnet's claims occurred in the District of Massachusetts..

## STATEMENT OF FACTS

9.    Acushnet is a leading maker of golf balls, clubs, shoes, gloves, and other golfing equipment and accessories under brand names such as Titleist, FootJoy, Cobra, and Pinnacle. In connection with its business, Acushnet sells its products to golf pro shops, sporting good stores, and other retail stores for purchase by consumers and extends credit to these retailers for the purchase of such equipment.

10.    Highlander is a retailer of golf equipment. Since 1989, Highlander has purchased equipment from Acushnet and sold that equipment to its consumers. In connection with Highlander's purchase of equipment, it sought and received an extension of credit from Acushnet

2

in exchange for guaranties executed by Highlander's principals, Tim Deighan and Tom Deighan, and its affiliate, HPL.

11.    On or about June 11, 2003, HPL, though its authorized agent Tom Deighan, executed a Guaranty for the performance and payment of debt incurred by Highlander to Acushnet. The Guaranty was executed in exchange for Acushnet's extension of credit to Highlander. A true copy of the Guaranty is attached hereto as Exhibit A.

12.    On or about June 11, 2003, Tom Deighan executed a Guaranty for the performance and payment of debt incurred by Highlander to Acushnet. The Guaranty was executed in exchange for Acushnet's extension of credit to Highlander. A true copy of the Guaranty is attached hereto as Exhibit B.

13.    On or about June 11, 2003, Tim Deighan executed a Guaranty for the performance and payment of debt incurred by Highlander to Acushnet. The Guaranty was executed in exchange for Acushnet's extension of credit to Highlander. A true copy of the Guaranty is attached hereto as Exhibit C.

14.    Pursuant to the terms of the Guaranties, Acushnet agreed to extend credit to Highlander for the purchase of golf equipment in exchange for which HPL, Tom Deighan and Tim Deighan ("Guarantors"):

> unconditionally guarantee[d] performance and payment of any resulting indebtedness for which [Highlander] may become liable to [Acushnet] for the payment in full, together with all interest, fees and charges of whatsoever nature and kind, of any and all indebtedness of any kind by the [Highlander] from [Acushnet] for delivery of golf equipment and/or other merchandise, for resale or any other purpose, whether on open account or evidenced by note, secured or unsecured, due and owing at the present time, or that may hereafter bye due and owing by [Highlander] to [Acushnet], and it is further agreed that if said obligations are not paid when due, the undersigned will pay the same on demand.

See Exs. A, B, and C.

3

15.     The Guarantors obligations are joint and several and "shall remain in full force and effect until [Highlander's] obligations are fully paid, performed and discharged." See Exs. A, B, and C.

16.     The Guaranties require the Guarantors to "pay for all collection fees and the cost of suit and attorneys' commissions or fees for collection in addition to the indebtedness hereby guaranteed." Id.

17.     Under the terms of the Guaranties, the Guaranty "shall bind and inure to the benefits of the heirs, administrators, successors and assigns of the" Guarantors. Id.

18.     The Guaranties contain the following paragraph:

> the Guaranties and the performances thereunder shall be construed and determined according to the Laws of the Commonwealth of Massachusetts, without regard to the principles of conflicts of laws. Each Guarantor irrevocably consents to the exclusive jurisdiction of any court of competent jurisdiction located in the Commonwealth of Massachusetts in connection with any action or proceeding brought to enforce this Guaranty and waives any objection to the bringing of any such action or proceeding in such court based upon lack of personal jurisdiction or improper venue.

Id.

19.     Pursuant to orders for equipment placed by Highlander, Acushnet delivered its products to Highlander which Highlander has received and accepted.

20.     Acushnet has sent invoices to Highlander for these products. Highlander has made partial payment on the invoices. Currently, Highlander owes Acushnet a balance of $191,289.06 for these products, which debt dates back several months.

21.     Acushnet has requested that Highlander pay the overdue invoices. Highlander has failed and refused to pay the amount due. Highlander has never objected to the quality of the

4

goods or raised any other objection. Indeed it has asserted its poor financial condition as the reason for its failure to pay the amount due.

22.    On or about September 9, 2004, Acushnet notified the Guarantors that they are obligated to perform under the terms of the Guaranties prior to September 30, 2004. Copies of the September 9, 2004 notification letters are attached hereto as Exhibits D, E, and F.

23.    The Guarantors have failed and refused to pay the sums due under the terms of the Guaranties.

24.    Acushnet has met all of its obligations under the Guaranties, and is owed the amounts set forth herein.

## COUNTS

### Count I – Breach of Contract - Payment Due for Goods Sold and Delivered
### (vs. Highlander)

25.    Paragraphs 1 through 24 of this Complaint are incorporated by reference as if fully stated herein.

26.    As set forth above, despite demand, the defendant Highlander has failed to pay amounts immediately due and payable to the plaintiff, Acushnet for goods delivered.

27.    As of October 8, 2004, Highlander owes Acushnet $191,289.06 plus interest, costs and attorneys' fees.

28.    As a result of the failure of Highlander to make the payments described above pursuant to its obligations, plaintiff Acushnet has suffered and continues to suffer damages in an amount to be determined at trial.

## Count II –Unjust Enrichment

### (vs. Highlander)

29.    Paragraphs 1 through 28 of this Complaint are incorporated by reference as if fully stated herein.

30.    Upon information and belief, Highlander has sold the products delivered by Acushnet to customers, all while not paying Acushnet.  As a result of these actions, Highlander has been unjustly enriched, having received the proceeds from the sale of Acushnet's products without compensation to Acushnet.

## Count III – Promissory Estoppel

### (v. Highlander)

31.    Paragraphs 1 through 30 of this Complaint are incorporated by reference as if fully stated herein.

32.    Acushnet extended credit to Highlander based on Highlander's promises to pay.

33.    In extending credit to Highlander, Acushnet reasonably relied upon Highlander's representations that it would pay for the goods delivered.

34.    Acushnet reasonably relied, to its detriment, upon the representations of Highlander and its representatives and agents, and extended credit to Highlander consistent with the terms of the parties' course of dealings and the Guaranties.

35.    As a result, Highlander is bound by the principles of promissory estoppel to abide by the promises made by its agents and/or employees.

36.    Acushnet has suffered damages as a result of its detrimental reliance on Highlander's aforementioned promises of performance in an amount to be determined at trial.

## Count IV - Breach of Guaranty

### (vs. HPL, Tom Deighan and Tim Deighan)

37.     Paragraphs 1 through 36 of this Complaint are incorporated by reference as if fully stated herein.

38.     Under the terms of their guaranties, HPL, Tom Deighan and Tim Deighan ("the Guarantors") unconditionally guaranteed that they would duly and punctually pay all indebtedness, obligations, liabilities, and undertakings of Highlander to Acushnet, including all costs and expenses of collection incurred by Acushnet. Acushnet made demand on Highlander and the Guarantors.

39.     Notwithstanding the terms of the Guaranties and Acushnet's demand, the Guarantors have failed to pay all amounts due.

40.     The outstanding balance of $191,289.06 plus interest, costs and attorneys' fees remains due and owing for which the Guarantors are liable under the express terms of the Guaranties.

41.     All conditions precedent to Acushnet's rights of recovery herein have been performed or have occurred.

42.     As a result of the failure of Guarantors to make the payments described above pursuant to their obligations under the terms of the Guaranties, plaintiff Acushnet has suffered and continues to suffer damages in an amount to be determined at trial.

WHEREFORE, Acushnet respectfully request that the Court:

1.      Enter a judgment on Counts I, II and III in Plaintiff's favor and against Highlander for $191,289.06, the full amount due as of October 8, 2004, plus continuing interest, costs and attorneys' fees;

2.      Enter a judgment on Count IV in Plaintiff's favor and against HPL, Tom Deighan and Tim Deighan for $191,289.06, the full amount due as of October 8, 2004, plus continuing interest, costs and attorneys' fees;

3.      Award Plaintiff its costs and attorneys' fees; and

4.      Grant such other relief as may be deemed just and proper.

ACUSHNET COMPANY

By its attorneys,

Michael R. Gottfried, BBO# 542156
Katherine Y. Fergus, BBO# 637989
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

Dated: _October 12_, 2004