UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACUSHNET COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HIGHLANDER LOGOED PRODUCTS )<br>CORPORATION, HIGHLANDER )<br>PROPERTIES LIMITED, THOMAS E. )<br>DEIGHAN, and TIMOTHY E. DEIGHAN, )<br>)<br>Defendants. )<br>) | C.A. 04-cv-12145-PBS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

I.   **INTRODUCTION AND SUMMARY OF ARGUMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Acushnet Company ("Acushnet") moves for summary judgment on all counts of its complaint alleging amounts due and owing for goods sold and delivered and failure to honor guaranties. As set forth below, the Court should enter summary judgment in Acushnet's favor on all counts of its Complaint.

II.   **STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Acushnet Company is a corporation organized under the laws of the State of Delaware, with its principal place of business in Fairhaven, Massachusetts. (Complaint, ¶ 1)

2. Highlander Logoed Products ("Highlander") is a corporation organized under the laws of the State of Ohio, with its principal place of business in Ravenna, Ohio. (Complaint, ¶ 2; Answer, ¶ 2)

BOS\134994.1

3.  Highlander Properties Limited ("HPL") is a limited liability company organized under the laws of the State of Ohio, with its principal place of business in Ravenna, Ohio. (Complaint, ¶ 3; Answer, ¶ 3)

4.  Thomas E. Deighan ("Tom Deighan") is an individual who resides in the State of Ohio. (Complaint, ¶ 4 Answer, ¶ 4)

5.  Timothy E. Deighan ("Tim Deighan") is an individual who resides in the State of Ohio. (Complaint, ¶ 5, Answer, ¶ 5)

6.  Acushnet is a leading maker of golf balls, clubs, shoes, gloves, and other golf equipment and accessories under brand names such as Titleist, FootJoy, Cobra, and Pinnacle. In connection with its business, Acushnet sells its products to golf pro shops, sporting goods stores, and other retail stores for purchase by consumers and usually extends credit to these retailers for the purchase of such equipment. (Affidavit of Denise Reyes ("Reyes Aff."), ¶ 2)

7.  Since 1989, Highlander has purchased equipment from Acushnet and sold that equipment to its customers. In connection with Highlander's purchase of equipment, it sought and received an extension of credit from Acushnet in exchange for guaranties executed by Highlander's principals, Tim Deighan and Tom Deighan, and its affiliate, HPL. (Complaint, ¶ 10; Answer, ¶ 10; Reyes Aff., ¶ 3).

8.  On or about June 11, 2003, HPL, though its authorized agent Tom Deighan, executed a Guaranty for the performance and payment of debt incurred by Highlander to Acushnet. The Guaranty was executed in exchange for Acushnet's extension of credit to Highlander. (Complaint, ¶ 11 and Exhibit A; Affidavit of Katherine Young Fergus ("Fergus Aff."), ¶ 3 and Exhibit A, Guaranty; Reyes Aff., ¶ 3).

2

9. On or about June 11, 2003, Tom Deighan executed a Guaranty for the performance and payment of debt incurred by Highlander to Acushnet. The Guaranty was executed in exchange for Acushnet's extension of credit to Highlander. (Complaint, ¶ 12 and Exhibit B, Fergus Aff., ¶ 4 and Exhibit B).

10. On or about June 11, 2003, Tim Deighan executed a Guaranty for the performance and payment of debt incurred by Highlander to Acushnet. The Guaranty was executed in exchange for Acushnet's extension of credit to Highlander. (Complaint, ¶ 13 and Exhibit C, Fergus Aff., ¶ 5 and Exhibit C).

11. Pursuant to the terms of the Guaranties, Acushnet agreed to extend credit to Highlander for the purchase of golf equipment in exchange for which HPL, Tom Deighan and Tim Deighan ("Guarantors"):

> unconditionally guarantee[d] performance and payment of any resulting indebtedness for which [Highlander] may become liable to [Acushnet] for the payment in full, together with all interest, fees and charges of whatsoever nature and kind, of any and all indebtedness of any kind by the [Highlander] from [Acushnet] for delivery of golf equipment and/or other merchandise, for resale or any other purpose, whether on open account or evidenced by note, secured or unsecured, due and owing at the present time, or that may hereafter bye due and owing by [Highlander] to [Acushnet], and it is further agreed that if said obligations are not paid when due, the undersigned will pay the same on demand.

See Fergus Aff., Exs. A, B, and C.

12. The Guarantors obligations are joint and several and "shall remain in full force and effect until [Highlander's] obligations are fully paid, performed and discharged." See Fergus Aff., Exs. A, B, and C.

13. The Guaranties require the Guarantors to "pay for all collection fees and the cost of suit and attorneys' commissions or fees for collection in addition to the indebtedness hereby guaranteed." Id.

14. Under the terms of the Guaranties, the Guaranty "shall bind and inure to the benefits of the heirs, administrators, successors and assigns of the" Guarantors. Id.

15. The Guaranties contain the following paragraph:

> the Guaranties and the performances thereunder shall be construed and determined according to the Laws of the Commonwealth of Massachusetts, without regard to the principles of conflicts of laws. Each Guarantor irrevocably consents to the exclusive jurisdiction of any court of competent jurisdiction located in the Commonwealth of Massachusetts in connection with any action or proceeding brought to enforce this Guaranty and waives any objection to the bringing of any such action or proceeding in such court based upon lack of personal jurisdiction or improper venue.

Id.

16. Pursuant to orders for equipment placed by Highlander, Acushnet delivered its products to Highlander at Highlander's direction, which products Highlander accepted without objection. (Reyes Aff. ¶ 4)

17. Acushnet has sent invoices to Highlander for these products. Highlander has made partial payment on the invoices. Currently, Highlander owes Acushnet a balance of $191,289.06 for these products, which debt dates back several months. (Reyes Aff. ¶ 5)

18. Acushnet has requested that Highlander pay the overdue invoices. Highlander has failed and refused to pay the amount due. Highlander has never objected to the quality of the goods or raised any other objection. (Reyes Aff. ¶ 6)

19. On or about September 9, 2004, Acushnet notified the Guarantors that they are obligated to perform under the terms of the Guaranties prior to September 30, 2004. (Reyes Aff. ¶ 7). Copies of the September 9, 2004 notification letters are attached to the Fergus Affidavit as Exhibits D, E, and F.

20. The Guarantors have failed and refused to pay the sums due under the terms of the Guaranties. (Reyes Aff. ¶ 7)

21. As a result of Highlander's failure to pay the amounts owed and the Guarantors failure to honor the guaranties, Acushnet retained the law firm of Duane Morris LLP to enforce Highlander and the Guarantors payment obligations. Through June 30, 2005, Acushnet has incurred attorneys fees in the amount of $18,520.00 and costs in the amount of $865.39 in connection with the enforcement of the obligations of Highlander and the Guarantors. Acushnet believes these attorneys fees and costs are fair and reasonable. (Reyes Aff., ¶ 8).

## III. ARGUMENT

### A. Standard of Review.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to summary judgment as a matter of law. Morrissey v. Boston Five Cents Sav. Bank, 54 F.3d (1st Cir. 1995); Fed. R. Civ. P. 56(c). The purpose of summary judgment is to allow for the speedy and inexpensive resolution of actions where the material facts are certain and need only to have the governing legal principles applied to them. Cassesso v. Commissioner of Corrections, 390 Mass. 419 (1983). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; only a genuine issue of material fact is effective in this regard. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Such a "genuine" issue exists if there is evidence from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 257. In order to show the existence of a genuine issue capable of defeating summary judgment, the non-moving party must present specific factual evidence. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-moving party cannot rest upon mere

conclusory allegations or denials. <u>Coll. v. PB Diagnostic Systems, Inc.</u>, 50 F.3d 1115, 1121 (1st Cir. 1995). <u>See also</u> <u>Conward v. Cambridge School Committee</u>, 171 F.3d 12 (1st Cir. 1999)(court will resolve genuine facts disputed in favor of non-moving party but will not "indulge rank speculation or unsupportable hyperbole").

In the present action, Defendants cannot produce specific facts to defeat Acushnet's Motion for Summary Judgment. Hence, there are no genuine issues of material fact in dispute and summary judgment should be entered in favor of Acushnet.

**B.  Acushnet Is Entitled To Summary Judgment For Its Claims of Breach of Contract and Unjust Enrichment As The Undisputed Facts Demonstrate that the Defendant Highlander Failed to Pay Amounts Owed for Goods Sold and Delivered and the Guarantors failed, after demand, to honor the terms of the guaranties.**

1.  <u>Acushnet is entitled to summary judgment on its claim that Highlander defaulted on its payment obligations.</u>

Here, the undisputed facts make clear that there was an enforceable agreement between the parties pursuant to which Acushnet would supply goods on account and Highlander would duly make payment. Simply put, Defendant is a sophisticated retailer which received goods on account and has not paid the amount due. Highlander defaulted on its obligations by failing to pay amounts due, and has continued to fail to make payment in full of the outstanding balance. Therefore, Acushnet notified Highlander of its default, and made demand for payment in full of the amount owed. Currently the principal amount owed is $191,289.06, with interest, attorneys fees and costs continuing to accrue.

Highlander has no viable defense to its default. Because it is undisputed that the Highlander is in arrears and has been for several months, Acushnet is entitled to summary judgment on Counts I, II and III of its Complaint.

2. <u>Acushnet is entitled to summary judgment on its claim that HPL and the Deighans defaulted on their obligations under their individual guaranties.</u>

As security for the payment of the amounts due, HPL and the Deighans executed and delivered to Acushnet certain written individual guaranties, whereby HPL and the Deighans each individually guarantied payment in full of all Highlander's obligations and liabilities to Acushnet. Again, it is undisputed that after Highlander defaulted on its payments, leaving an outstanding balance, neither HPL nor the Deighans paid the remaining balance in full after Acushnet's demand. This case is nothing more than a suit on an overdue account and the failure of its Guarantors to honor the terms of the written guaranties. There is no question that Highlander received the goods delivered by Acushnet and failed to pay for them. None of the Guarantors has a valid defense to their obligation under their guaranty and therefore, each is personally liable for the total current balance due to Acushnet, $191,289.06 with interest and attorneys fees and costs continuing to accrue. Thus, summary judgment should enter in Acushnet's favor on these counts of its Complaint.

## IV. CONCLUSION

Based on the foregoing, Acushnet's Motion for Summary Judgment on all counts of its Complaint should be granted.

ACUSHNET COMPANY,
By its attorneys,

/s/ Katherine Y. Fergus
Katherine Y. Fergus, BBO# 637989
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Dated: July 27, 2005                                   (617) 289-9200

BOS\134994.1