UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACUSHNET COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HIGHLANDER LOGOED PRODUCTS )<br>CORPORATION, HIGHLANDER )<br>PROPERTIES LIMITED, THOMAS E. )<br>DEIGHAN, and TIMOTHY E. DEIGHAN, )<br>)<br>Defendants. )<br>_____ ) | C.A. 04-cv-12145-PBS |

**AFFIDAVIT OF KATHERINE YOUNG FERGUS**

I, Katherine Young Fergus, depose and state as follows:

1. I am an associate in the law firm of Duane Morris LLP, and a member of the Bar of the Commonwealth of Massachusetts in good standing.

2. Duane Morris LLP is counsel of record for the Plaintiff Acushnet Company ("Acushnet") in this matter.

3. Attached hereto as Exhibit A is a true copy of a guaranty dated June 11, 2003, between HPL, though its agent Tom Deighan, and Acushnet.

4. Attached hereto as Exhibit B is a true copy of a guaranty dated June 11, 2003, between Tom Deighan and Acushnet..

5. Attached hereto as Exhibit C is a true copy of a guaranty dated June 11, 2003, between Timothy Deighan and Acushnet.

6. Attached hereto as Exhibit D is a true copy of a September 9, 2004 letter from Acushnet to Highlander Properties Limited.

7.  Attached hereto as Exhibit E is a true copy of a September 9, 2004 letter from Acushnet to Tom E. Deighan.

8.  Attached hereto as Exhibit F is a true copy of a September 9, 2004 letter from Acushnet to Tim Deighan.

9.  I have reviewed the invoices submitted to and paid by plaintiff and the computer time records of the firm relating to this case. Based on my experience, I believe that the attorneys fees and costs are fair and reasonable.

Signed under penalty of perjury this 27th day of July, 2005.

_____
Katherine Young Fergus

**EXHIBIT A**

## GUARANTY

In consideration of ACUSHNET COMPANY (the "Obligee") extending credit to:

Highlander Logoed Products Corp          ("Debtor")
7200 State Route 88
Ravenna, OH 44266
Attention:     Tom Deighan

the undersigned ("Guarantor") does hereby unconditionally guarantee the performance and payment of any resulting indebtedness for which Debtor may become obligated to Obligee for the payment in full, together will all interest, fees and charges of whatsoever nature and kind, of any and all indebtedness of any kind by the said Debtor from the said Obligee for delivery of golf equipment and/or other merchandise, for resale or any other purpose, whether on open account or evidenced by note, secured or unsecured, due and owing at the present time, or that may hereafter be due and owing by said Debtor to said Obligee (the "Obligations"), and it is further agreed that if said Obligations are not paid when due, the undersigned will pay the same upon demand.

This is a continuing Guaranty and shall remain in full force and effect until receipt by Obligee at its office at P.O. Box 965, Fairhaven, MA 02719, U.S.A. of written notice, such notice to be delivered by reputable overnight courier or by certified mail, by the undersigned terminating or modifying same; provided, however, that such notice (i) shall not operate to release the Guarantor from liability hereunder with respect to any Obligations prior to actual receipt of such notice by Obligee and (ii) shall not be effective until Obligee has acknowledged receipt of such notice (such acknowledgement to promptly be forwarded following Obligee's receipt of Guarantor's notice).

Guarantor's obligations under this Guaranty shall continue in full force and effect until Debtor's Obligations are fully paid, performed and discharged and Obligee gives the Guarantor written notice of that fact. Debtor's Obligations shall not be considered fully paid, performed and discharged unless and until all payments by Debtor to Obligee are no longer subject to any right on the part of any person whosoever; including but not limited to Debtor, Debtor as a debtor-in-possession, or any trustee or receiver in bankruptcy, to set aside such payments or seek to recoup the amount of such payments, or any part thereof. The foregoing shall include, by way of example and not by way of limitation, all rights to recover preferences voidable under Title 11 of the United States Code. In the event that any such payments by Debtor to Obligee are set aside after the making thereof, in whole or in part, or settled without litigation, to the extent of such settlement, all of which is within Obligee's discretion, Guarantor shall be liable for the full amount Obligee is required to repay plus costs, interest, attorney's fee and any and all expenses which Obligee paid or incurred in connection therewith.

IT IS SPECIFICALLY AGREED AND UNDERSTOOD THAT THIS GUARANTY MAY NOT BE TERMINATED OR MODIFIED ORALLY OR BY ANY OTHER MEANS EXCEPT FOR WRITTEN NOTICE TO OBLIGEE AND OBLIGEE'S WRITTEN ACKNOWLEDGEMENT OF SUCH NOTICE.

The obligations of all Guarantors, where more than one, shall be joint and several. The undersigned Guarantor(s) waive(s) notice of the nonpayment of the account by the above-named Debtor(s) or failure of the collection of same and any and all other defenses, demands, notices or set-offs to which Guarantor(s) might otherwise be entitled whether by operation of law or otherwise, including,

but not limited to, any defense based upon an election of remedies by Obligee under the provisions of Section 580(d) of the California Code of Civil Procedure, or any similar law of California or of any other state, or of the United States.

Guarantor hereby authorizes Obligee, without notice or demand and without affecting its liability hereunder, from time to time to:

(a) renew, compromise, extend, accelerate or otherwise change the time for payment or the terms of any of the Obligations, or any part thereof;

(b) take and hold security for the payment of the Obligations and exchange, enforce, waive and release any such security;

(c) apply such security and direct the order or manner of sale thereof as Obligee in its discretion may determine;

(d) release Debtor or any one or more Guarantor(s) or any other persons or substitute or add any other Guarantor(s); and

(e) Assign, without notice, this Guaranty in whole or in part and Obligee's rights hereunder to anyone at any time.

Guarantor agrees that Obligee may do any or all of the foregoing in such manner, upon such terms, and at such times as Obligee, in its discretion, deems advisable, without, in any way or respect, impairing, affecting, reducing or releasing Guarantor from its undertakings hereunder and Guarantor hereby consents to each and all of the foregoing acts, events and occurrences. Guarantor further agrees that this Guaranty shall not be impaired by any supplement, extension or other modification of any contract to which Obligee and Debtor shall hereafter agree or any other agreement between any person.

It is specifically understood and agreed that the said Obligee shall not be required to exhaust its legal remedies for recovery and collection against the said Debtor before looking to the undersigned for payment of this account, but that if the account is not paid when due, said Obligee may, at once, notify the undersigned, and upon receipt of such notice that the said account is past due and unpaid, the undersigned assumes liability therefor and agrees to pay the same without delay or defalcation. It is also understood and agreed that the undersigned shall pay for all collection fees and the cost of suit and attorneys' commissions or fees for collection in addition to the indebtedness hereby guaranteed.

This Guaranty shall bind and inure to the benefits of the heirs, administrators, successors and assigns of the undersigned and Obligee respectively.

No delay on the part of Obligee, in exercising any of its rights hereunder, or failure to exercise same, shall operate as a waiver of such rights; no notice or demand to Guarantor(s) shall be deemed as a waiver of the obligations of Guarantor(s) or of the right of Obligee, to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty be effective unless in writing, nor shall any such waiver be applicable except in the specific instance in which given.

Guarantor(s) authorize Obligee to investigate the credit and financial status of Guarantor(s). Guarantor(s) shall promptly notify Obligee of any material change in Guarantor(s)' financial position and

or if Guarantor files for bankruptcy protection or any similar proceeding, whether on a voluntary or involuntary basis.

    This Guaranty and the performance thereunder shall be construed and determined according to the Laws of the Commonwealth of Massachusetts, without regard to the principles of conflicts of laws. Each Guarantor irrevocably consents to the exclusive jurisdiction of any court of competent jurisdiction located in the Commonwealth of Massachusetts in connection with any action or proceeding brought to enforce this Guaranty and waives any objection to the bringing of any such action or proceeding in such court based upon lack of personal jurisdiction or improper venue. Each Guarantor further agrees that any process or other legal summons in connection with any such action or proceeding may be served by mailing a copy thereof by certified mail, or any substantially similar form of mail, or reputable overnight courier, addressed to such Guarantor at the address set forth below.

Witness _[signature]_    Guarantor  Highlander Properties LTD

Address _____    Authorized officer _[signature]_

    Address _7000 St. Rt. 88, Ravenna, OH 44266_

..........................................................................................

**Attention Notary: Please be sure to complete all sections indicated with a $^N$.**

On this __11__$^N$ day of __June__ $^N$ before me personally come and appeared __Tom C Deighan__ $^N$ to me known and known to me (to be all of) the person(s) described in and who executed this instrument and acknowledged that he/she/they executed the same as Guarantor(s).

    Notary Public _[signature]_ $^N$

Accepted:
ACUSHNET COMPANY:
BY: _[signature]_
TITLE: _Senior Credit Manager_
DATE: _6/16/03_

GLORIA J. KOBUS, Notary Public
Portage County - State of Ohio
My Commission Expires January 26, 2005

H:\rag\agreements\Acushnet Guarantee Form.doc

**EXHIBIT B**

## GUARANTY

In consideration of ACUSHNET COMPANY (the "Obligee") extending credit to:

<u>Highlander Logoed Products Corp</u>            ("Debtor")
<u>7200 State Route 88</u>
<u>Ravenna, OH 44266</u>
Attention:    <u>Tom Deighan</u>

the undersigned ("Guarantor") does hereby unconditionally guarantee the performance and payment of any resulting indebtedness for which Debtor may become obligated to Obligee for the payment in full, together will all interest, fees and charges of whatsoever nature and kind, of any and all indebtedness of any kind by the said Debtor from the said Obligee for delivery of golf equipment and/or other merchandise, for resale or any other purpose, whether on open account or evidenced by note, secured or unsecured, due and owing at the present time, or that may hereafter be due and owing by said Debtor to said Obligee (the "Obligations"), and it is further agreed that if said Obligations are not paid when due, the undersigned will pay the same upon demand.

This is a continuing Guaranty and shall remain in full force and effect until receipt by Obligee at its office at P.O. Box 965, Fairhaven, MA 02719, U.S.A. of written notice, such notice to be delivered by reputable overnight courier or by certified mail, by the undersigned terminating or modifying same; provided, however, that such notice (i) shall not operate to release the Guarantor from liability hereunder with respect to any Obligations prior to actual receipt of such notice by Obligee and (ii) shall not be effective until Obligee has acknowledged receipt of such notice (such acknowledgement to promptly be forwarded following Obligee's receipt of Guarantor's notice).

Guarantor's obligations under this Guaranty shall continue in full force and effect until Debtor's Obligations are fully paid, performed and discharged and Obligee gives the Guarantor written notice of that fact. Debtor's Obligations shall not be considered fully paid, performed and discharged unless and until all payments by Debtor to Obligee are no longer subject to any right on the part of any person whosoever, including but not limited to Debtor, Debtor as a debtor-in-possession, or any trustee or receiver in bankruptcy, to set aside such payments or seek to recoup the amount of such payments, or any part thereof. The foregoing shall include, by way of example and not by way of limitation, all rights to recover preferences voidable under Title 11 of the United States Code. In the event that any such payments by Debtor to Obligee are set aside after the making thereof, in whole or in part, or settled without litigation, to the extent of such settlement, all of which is within Obligee's discretion, Guarantor shall be liable for the full amount Obligee is required to repay plus costs, interest, attorney's fee and any and all expenses which Obligee paid or incurred in connection therewith.

IT IS SPECIFICALLY AGREED AND UNDERSTOOD THAT THIS GUARANTY MAY NOT BE TERMINATED OR MODIFIED ORALLY OR BY ANY OTHER MEANS EXCEPT FOR WRITTEN NOTICE TO OBLIGEE AND OBLIGEE'S WRITTEN ACKNOWLEDGEMENT OF SUCH NOTICE.

The obligations of all Guarantors, where more than one, shall be joint and several. The undersigned Guarantor(s) waive(s) notice of the nonpayment of the account by the above-named Debtor(s) or failure of the collection of same and any and all other defenses, demands, notices or set-offs to which Guarantor(s) might otherwise be entitled whether by operation of law or otherwise, including,

but not limited to, any defense based upon an election of remedies by Obligee under the provisions of Section 580(d) of the California Code of Civil Procedure, or any similar law of California or of any other state, or of the United States.

Guarantor hereby authorizes Obligee, without notice or demand and without affecting its liability hereunder, from time to time to:

(a) renew, compromise, extend, accelerate or otherwise change the time for payment or the terms of any of the Obligations, or any part thereof;

(b) take and hold security for the payment of the Obligations and exchange, enforce, waive and release any such security;

(c) apply such security and direct the order or manner of sale thereof as Obligee in its discretion may determine;

(d) release Debtor or any one or more Guarantor(s) or any other persons or substitute or add any other Guarantor(s); and

(e) Assign, without notice, this Guaranty in whole or in part and Obligee's rights hereunder to anyone at any time.

Guarantor agrees that Obligee may do any or all of the foregoing in such manner, upon such terms, and at such times as Obligee, in its discretion, deems advisable, without, in any way or respect, impairing, affecting, reducing or releasing Guarantor from its undertakings hereunder and Guarantor hereby consents to each and all of the foregoing acts, events and occurrences. Guarantor further agrees that this Guaranty shall not be impaired by any supplement, extension or other modification of any contract to which Obligee and Debtor shall hereafter agree or any other agreement between any person.

It is specifically understood and agreed that the said Obligee shall not be required to exhaust its legal remedies for recovery and collection against the said Debtor before looking to the undersigned for payment of this account, but that if the account is not paid when due, said Obligee may, at once, notify the undersigned, and upon receipt of such notice that the said account is past due and unpaid, the undersigned assumes liability therefor and agrees to pay the same without delay or defalcation. It is also understood and agreed that the undersigned shall pay for all collection fees and the cost of suit and attorneys' commissions or fees for collection in addition to the indebtedness hereby guaranteed.

This Guaranty shall bind and inure to the benefits of the heirs, administrators, successors and assigns of the undersigned and Obligee respectively.

No delay on the part of Obligee, in exercising any of its rights hereunder, or failure to exercise same, shall operate as a waiver of such rights; no notice or demand to Guarantor(s) shall be deemed as a waiver of the obligations of Guarantor(s) or of the right of Obligee, to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty be effective unless in writing, nor shall any such waiver be applicable except in the specific instance in which given.

Guarantor(s) authorize Obligee to investigate the credit and financial status of Guarantor(s). Guarantor(s) shall promptly notify Obligee of any material change in Guarantor(s)' financial position and

or if Guarantor files for bankruptcy protection or any similar proceeding, whether on a voluntary or involuntary basis.

    This Guaranty and the performance thereunder shall be construed and determined according to the Laws of the Commonwealth of Massachusetts, without regard to the principles of conflicts of laws. Each Guarantor irrevocably consents to the exclusive jurisdiction of any court of competent jurisdiction located in the Commonwealth of Massachusetts in connection with any action or proceeding brought to enforce this Guaranty and waives any objection to the bringing of any such action or proceeding in such court based upon lack of personal jurisdiction or improper venue. Each Guarantor further agrees that any process or other legal summons in connection with any such action or proceeding may be served by mailing a copy thereof by certified mail, or any substantially similar form of mail, or reputable overnight courier, addressed to such Guarantor at the address set forth below.

Witness _Diane Colecchi_      Guarantor
                                       Tom E. Deighan
                            SS# 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

Address _2417 Tamarack Tr_      Address 2417 Tamarack Trail Ravenna, OH 44266

Witness _____      Guarantor
                                       Tina Deighan
                            SS#_____

Address _____      Address Same

------------------------------------------------------------

**Attention Notary:** Please be sure to complete all sections indicated with a [N].

    On this _11_ [N] day of _June 2003_ [N] before me personally come and appeared _Tom E. Deighan_ [N] to me known and known to me (to be all of) the person(s) described in and who executed this instrument and acknowledged that he/she/they executed the same as Guarantor(s).

                                       Notary Public _/s/ Gloria Kobus_ [N]

Accepted:
ACUSHNET COMPANY:
BY: _Nylee Deurckes_
TITLE: _Sr. Credit Manager_
DATE: _6/16/03_

                                       GLORIA J. KOBUS, Notary Public
                                       Portage County - State of Ohio
                                       My Commission Expires January 26, 2005

H:\rag\agreements\Acushnet Guarantee Form.doc

**EXHIBIT C**

# GUARANTY

In consideration of ACUSHNET COMPANY (the "Obligee") extending credit to:

<u>Highlander Logoed Products Corp</u>         ("Debtor")
<u>7200 State Route 88</u>
<u>Ravenna, OH 44266</u>
Attention:   <u>Tom Deighan</u>

the undersigned ("Guarantor") does hereby unconditionally guarantee the performance and payment of any resulting indebtedness for which Debtor may become obligated to Obligee for the payment in full, together will all interest, fees and charges of whatsoever nature and kind, of any and all indebtedness of any kind by the said Debtor from the said Obligee for delivery of golf equipment and/or other merchandise, for resale or any other purpose, whether on open account or evidenced by note, secured or unsecured, due and owing at the present time, or that may hereafter be due and owing by said Debtor to said Obligee (the "Obligations"), and it is further agreed that if said Obligations are not paid when due, the undersigned will pay the same upon demand.

This is a continuing Guaranty and shall remain in full force and effect until receipt by Obligee at its office at P.O. Box 965, Fairhaven, MA 02719, U.S.A. of written notice, such notice to be delivered by reputable overnight courier or by certified mail, by the undersigned terminating or modifying same; provided, however, that such notice (i) shall not operate to release the Guarantor from liability hereunder with respect to any Obligations prior to actual receipt of such notice by Obligee and (ii) shall not be effective until Obligee has acknowledged receipt of such notice (such acknowledgement to promptly be forwarded following Obligee's receipt of Guarantor's notice).

Guarantor's obligations under this Guaranty shall continue in full force and effect until Debtor's Obligations are fully paid, performed and discharged and Obligee gives the Guarantor written notice of that fact. Debtor's Obligations shall not be considered fully paid, performed and discharged unless and until all payments by Debtor to Obligee are no longer subject to any right on the part of any person whosoever; including but not limited to Debtor, Debtor as a debtor-in-possession, or any trustee or receiver in bankruptcy, to set aside such payments or seek to recoup the amount of such payments, or any part thereof. The foregoing shall include, by way of example and not by way of limitation, all rights to recover preferences voidable under Title 11 of the United States Code. In the event that any such payments by Debtor to Obligee are set aside after the making thereof, in whole or in part, or settled without litigation, to the extent of such settlement, all of which is within Obligee's discretion, Guarantor shall be liable for the full amount Obligee is required to repay plus costs, interest, attorney's fee and any and all expenses which Obligee paid or incurred in connection therewith.

IT IS SPECIFICALLY AGREED AND UNDERSTOOD THAT THIS GUARANTY MAY NOT BE TERMINATED OR MODIFIED ORALLY OR BY ANY OTHER MEANS EXCEPT FOR WRITTEN NOTICE TO OBLIGEE AND OBLIGEE'S WRITTEN ACKNOWLEDGEMENT OF SUCH NOTICE.

The obligations of all Guarantors, where more than one, shall be joint and several. The undersigned Guarantor(s) waive(s) notice of the nonpayment of the account by the above-named Debtor(s) or failure of the collection of same and any and all other defenses, demands, notices or set-offs to which Guarantor(s) might otherwise be entitled whether by operation of law or otherwise, including,

but not limited to, any defense based upon an election of remedies by Obligee under the provisions of Section 580(d) of the California Code of Civil Procedure, or any similar law of California or of any other state, or of the United States.

Guarantor hereby authorizes Obligee, without notice or demand and without affecting its liability hereunder, from time to time to:

(a) renew, compromise, extend, accelerate or otherwise change the time for payment or the terms of any of the Obligations, or any part thereof;

(b) take and hold security for the payment of the Obligations and exchange, enforce, waive and release any such security;

(c) apply such security and direct the order or manner of sale thereof as Obligee in its discretion may determine;

(d) release Debtor or any one or more Guarantor(s) or any other persons or substitute or add any other Guarantor(s); and

(e) Assign, without notice, this Guaranty in whole or in part and Obligee's rights hereunder to anyone at any time.

Guarantor agrees that Obligee may do any or all of the foregoing in such manner, upon such terms, and at such times as Obligee, in its discretion, deems advisable, without, in any way or respect, impairing, affecting, reducing or releasing Guarantor from its undertakings hereunder and Guarantor hereby consents to each and all of the foregoing acts, events and occurrences. Guarantor further agrees that this Guaranty shall not be impaired by any supplement, extension or other modification of any contract to which Obligee and Debtor shall hereafter agree or any other agreement between any person.

It is specifically understood and agreed that the said Obligee shall not be required to exhaust its legal remedies for recovery and collection against the said Debtor before looking to the undersigned for payment of this account, but that if the account is not paid when due, said Obligee may, at once, notify the undersigned, and upon receipt of such notice that the said account is past due and unpaid, the undersigned assumes liability therefor and agrees to pay the same without delay or defalcation. It is also understood and agreed that the undersigned shall pay for all collection fees and the cost of suit and attorneys' commissions or fees for collection in addition to the indebtedness hereby guaranteed.

This Guaranty shall bind and inure to the benefits of the heirs, administrators, successors and assigns of the undersigned and Obligee respectively.

No delay on the part of Obligee, in exercising any of its rights hereunder, or failure to exercise same, shall operate as a waiver of such rights; no notice or demand to Guarantor(s) shall be deemed as a waiver of the obligations of Guarantor(s) or of the right of Obligee, to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty be effective unless in writing, nor shall any such waiver be applicable except in the specific instance in which given.

Guarantor(s) authorize Obligee to investigate the credit and financial status of Guarantor(s). Guarantor(s) shall promptly notify Obligee of any material change in Guarantor(s)' financial position and

or if Guarantor files for bankruptcy protection or any similar proceeding, whether on a voluntary or involuntary basis.

    This Guaranty and the performance thereunder shall be construed and determined according to the Laws of the Commonwealth of Massachusetts, without regard to the principles of conflicts of laws. Each Guarantor irrevocably consents to the exclusive jurisdiction of any court of competent jurisdiction located in the Commonwealth of Massachusetts in connection with any action or proceeding brought to enforce this Guaranty and waives any objection to the bringing of any such action or proceeding in such court based upon lack of personal jurisdiction or improper venue. Each Guarantor further agrees that any process or other legal summons in connection with any such action or proceeding may be served by mailing a copy thereof by certified mail, or any substantially similar form of mail, or reputable overnight courier, addressed to such Guarantor at the address set forth below.

Witness _/s/ Diane Colecchi_____    Guarantor _/s/ Tim Deighan_____
                                                       Tim Deighan
                                            SS# 288 58 7940

Address _____    Address _____

Witness _____    Guarantor _____
                                                 Spouse
                                           SS# _____

Address _____    Address Same _____

------------------------------------------------------------

**Attention Notary:** Please be sure to complete all sections indicated with a ᴺ.

On this __11__ᴺ day of __June 2003__ᴺ before me personally come and appeared __Tim Deighan_____ᴺ to me known and known to me (to be all of) the person(s) described in and who executed this instrument and acknowledged that he/she/they executed the same as Guarantor(s).

                                                          Notary Public _/s/ Gloria J. Kobus_____ᴺ

Accepted:
ACUSHNET COMPANY:
BY: _/s/ Aubrey Deuches_____
TITLE: _Sr. Credit Manager_____
DATE: _6/16/03_____

                                                GLORIA J. KOBUS, Notary Public
                                                Portage County - State of Ohio
                                                My Commission Expires January 26, 2005

H:\rag\agreements\Acushnet Guarantee Form.doc

**EXHIBIT D**

**ACUSHNET COMPANY**

September 9, 2004

*Via Overnight Courier*

Highlander Properties Ltd.
Attn: Tom E. Deighan
7200 State Route 88
Ravenna OH 44266

    Re:   Highlander Logoed Products Corp.
            Titleist: $198,906.51; Past Due: $191,620.08

Dear Mr. Deighan:

As you are aware, Highlander Properties Ltd. provided its guarantee of payment to Acushnet Company for sums payable by Highlander Logoed Products Corp. Payments due to Acushnet Company are now seriously delinquent, despite our repeated attempts to secure payment from the debtor.

We hereby request that Highlander Properties Ltd., as Guarantor of this account, make or ensure payment for the entire balance due is received in our office in accordance with the payment requirements explained in the attached letter. A minimum payment of $100,000.00 must be received in our office within the next ten days and the balance on your account paid current by September 30, 2004.

As you are aware, Highlander Properties Ltd. has contractually agreed to make payment in the event we do not receive payment from the debtor. If we do not receive payment as requested, this entire matter will be referred to an attorney or a collection agency for final handling. In the event this occurs, Highlander Properties Ltd. will be responsible to pay any and all collection and/or attorney costs incurred by Acushnet Company related to this matter.

Very truly yours,

*Denise G. Reyes*, CCE
Denise G. Reyes
Senior Credit Manager

/kr/016237




FOOTJOY.

P.O. Box 965
Fairhaven, MA 02719-0965

508-979-2000 phone
800-577-1002 fax

**EXHIBIT E**

Case 1:04-cv-12145-PBS   Document 29   Filed 07/28/2005   Page 17 of 20

**ACUSHNET COMPANY**

September 9, 2004

*Via Overnight Courier*

Tom E. Deighan
2417 Tamarack Trail
Ravenna  OH  44266

Re:  Highlander Logoed Products Corp.
     Titleist: $198,906.51; Past Due: $191,620.08

Dear Mr. Deighan

As you are aware, you provided your personal guarantee of payment to Acushnet Company for sums payable by Highlander Logoed Products Corp. Payments due to Acushnet Company are now seriously delinquent, despite our repeated attempts to secure payment from the debtor.

We hereby request that you, as Guarantor of this account, make or ensure payment for the entire balance due, as listed above, is received in our office in accordance with payment requirements explained in the attached letter. A minimum payment of $100,000.00 must be received in our office within the next ten days and the balance on your account paid current by September 30, 2004.

As you are aware, by providing your personal guarantee in this matter, you have contractually agreed to make payment in the event we do not receive payment from the debtor. If you have not resolved this matter as requested, it will be referred to an attorney or a collection agency for final handling. In the event this occurs, you will be responsible to pay any and all collection and/or attorney costs incurred by Acushnet Company related to this matter.

Very truly yours,

*Denise Reyes*, CCE
Denise G. Reyes
Senior Credit Manager

/kr/016237



P.O. Box 965
Fairhaven, MA  02719-0965



FOOTJOY.
508-979-2000 phone
800-577-1002 fax

**EXHIBIT F**

**ACUSHNET COMPANY**

September 9, 2004

*Via Overnight Courier*

Tim Deighan
8694 Brandywine Rd.
Sagamore Hills, OH 44067

    Re:   Highlander Logoed Products Corp.
           Titleist: $198,906.51; Past Due: $191,620.08

Dear Mr. Deighan

As you are aware, you provided your personal guarantee of payment to Acushnet Company for sums payable by Highlander Logoed Products Corp. Payments due to Acushnet Company are now seriously delinquent, despite our repeated attempts to secure payment from the debtor.

We hereby request that you, as Guarantor of this account, make or ensure payment for the entire balance due, as listed above, is received in our office in accordance with payment requirements explained in the attached letter. A minimum payment of $100,000.00 must be received in our office within the next ten days and the balance on your account paid current by September 30, 2004.

As you are aware, by providing your personal guarantee in this matter, you have contractually agreed to make payment in the event we do not receive payment from the debtor. If you have not resolved this matter as requested, it will be referred to an attorney or a collection agency for final handling. In the event this occurs, you will be responsible to pay any and all collection and/or attorney costs incurred by Acushnet Company related to this matter.

Very truly yours,

*Denise Reyes*, CCE

Denise G. Reyes
Senior Credit Manager

/kr/016237



P.O. Box 965
Fairhaven, MA 02719-0965



FOOTJOY.
508-979-2000 phone
800-577-1002 fax